IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00871–DME –KMT

ANDRE JESUS LOZANO,

    Plaintiff,

v.

TERESA FLECK, and
TINA BEEKMANN,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter comes before the court on Plaintiff Lozano's failure to appear at the November 28, 2011, Scheduling Conference, on Plaintiff's notification that he wishes to dismiss this case, and on Plaintiff's failure to respond to this Court's Order to Show Cause.

    Pursuant to the Order of Reference dated July 6, 2011 (Doc. No. 10), this civil action was referred to the Magistrate Judge to, *inter alia*, "Convene a scheduling conference under F.R.Civ.P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2." *Id.* Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1.

Initially, the Scheduling Conference was set for October 31, 2011. (Doc. No. 13.) On October 31, 2011, the parties attended the Scheduling Conference, at which time the plaintiff advised the court that he had moved and had not received some mail sent to him by the Court. The Scheduling Conference was reset to take place on November 18, 2011, at 9:30 a.m. (*See* Doc. No. 24.) However, Plaintiff did not appear, having contacted the court and Defendants' counsel via voicemail, in which Plaintiff indicated he could not appear due to a medical issue. (*See* Doc. No. 26.) The Scheduling Conference again was reset to take place on November 28, 2011. (*See* Doc. No. 27.)

Early in the morning on November 28, 2011, Plaintiff left a voicemail message for this court advising he would not be attending the Scheduling Conference because he is too busy with school and other matters to pursue his case and that he intended to dismiss his case. At the Scheduling Conference later that morning, the court advised Defendants' counsel of Plaintiff's voicemail message and his intent to dismiss the case. (*See* Doc. No. 27.) The court asked Defendants' counsel to attempt to contact Plaintiff to assist him with filing a stipulated motion to dismiss. (*See id.*) On December 5, 2011, pursuant to this court's Order (*see id.*), Defendants' counsel filed a Status Report advising she had contacted Plaintiff and left a voicemail to explain the events of the Scheduling Conference and to ask Plaintiff to contact her to confirm that he wished to dismiss his case. (Doc. No. 28, ¶ 11.) Additionally, Defendants' counsel offered to draft a dismissal document for Plaintiff to sign and submit himself or, alternatively, asked that Plaintiff provide Defendants' counsel with permission to file a Joint Motion to Dismiss on behalf of both parties, which Defendants' counsel would file. (*Id.*) To date, Plaintiff has not contacted

Defendants' counsel to confirm that he wishes to dismiss the case or to specify the manner in which he wants to proceed. (*Id.*) Nor has Plaintiff filed a response to Defendants' Motion to Dismiss, which was filed on September 30, 2011. (Doc. No. 20.)

On December 14, 2011, this court issued an Order for Plaintiff to show cause in writing, no later than December 30, 2011, why his Complaint and this case should not be dismissed for failure to prosecute and failure to comply with court orders. (Doc. No. 29.) The court warned Plaintiff that failure to respond to the Order to Show Cause or failure to show cause would result in a recommendation that his case be dismissed, with prejudice, in its entirety. (*Id.*)

Plaintiff bears the responsibility of complying with court orders and prosecuting his case. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case for a party's failure to prosecute his case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds

for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) (citations omitted).

Consideration of the *Ehrenhaus* factors weighs heavily in favor of dismissal with prejudice. First, the court finds that Defendants are highly prejudiced by Plaintiff's failure to prosecute this matter. Second, the court finds that Plaintiff has significantly interfered with the judicial process by failing to prosecute this matter and by failing to respond to court orders. Plaintiff now has failed to respond to this court's Order to Show Cause or to give an explanation for his failure to do so. Plaintiff has shown contempt by willfully failing to comply with this court's orders and by repeatedly wasting judicial resources. Third, this court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders. Fourth, this court specifically warned Plaintiff that his failure to comply with this court's orders could result in a recommendation for dismissal for his failure to comply.

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, this court

**RECOMMENDS** that the Complaint and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). This court further

**RECOMMENDS** that Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (Doc. No. 20, filed September 30, 2011) be DENIED as moot.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th day of January, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge