**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00871-DME-KMT

ANDRE JESUS LOZANO,

    Plaintiff,

v.

TERESA FLECK and
TINA BEEKMAN,

    Defendants.

---

**ORDER OF DISMISSAL**

---

This matter comes before the Court upon the recommendation (Doc. 30) of United States Magistrate Judge Kathleen M. Tafoya that Plantiff's complaint be dismissed in this case. That recommendation followed Plaintiff's failure to appear at a scheduling conference (Doc. 27), his indication that he wished to dismiss the case (id.), and his later failure to respond to an order to show cause (Doc. 29) as to why the case should not be dismissed for failure to prosecute and failure to comply with court orders. Plaintiff has not communicated with the Court since before the magistrate judge's recommendation. For the reasons discussed below, the Court adopts the sua sponte recommendation of the

magistrate judge and DISMISSES WITH PREJUDICE Plaintiff's complaint. Accordingly, the Court also denies as moot Defendants' motion to dismiss (Doc. 20).

## BACKGROUND

While Plaintiff was incarcerated in the Colorado Territorial Correctional Facility in Cañon City, Colorado, following conviction for credit card fraud and parole violations, he received a prison disciplinary conviction for sexual abuse based on a letter he wrote to an inmate at another prison facility. Plaintiff alleges that after he was released from prison, in October 2010, Defendants—employees of the Colorado Department of Parole—wrongly subjected him to initial sex-offender restrictions and forced him to undergo a demeaning sex-offender evaluation, though that evaluation did not result in Plaintiff being labeled a sex offender or being required to undergo sex offender treatment as a condition of parole.

Plaintiff filed his pro se amended complaint (Doc. 7)[1] on June 21, 2011, seeking injunctive relief, fees, and $10,000 in damages from both Defendants on theories of defamation, slander, and libel. The Court does not have diversity jurisdiction over this suit. However, liberally construing the pro se complaint, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), to allege violations of Plaintiff's federal constitutional due process rights, see, e.g., Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1558 (10th Cir. 1993) (considering a Fourteenth Amendment due process claim based on

---

[1] Plaintiff filed his original complaint on April 4, 2011 (Doc. 1), and was permitted to proceed in forma pauperis on May 11, 2011 (Doc. 5).

reputational damage), the Court has federal-question jurisdiction under 28 U.S.C. § 1331, and Plaintiff could seek relief under 42 U.S.C. § 1983.

On September 30, 2011, Defendants filed a motion to dismiss pursuant do Fed. R. Civ. P. 12(b)(1) and 12(b)(6), based respectively on lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Defendants also sought to invoke qualified immunity and the Colorado Governmental Immunity Act (in the event the Court exercised supplemental jurisdiction to consider Plaintiff's state-law claims). (Doc. 20.)

On October 31, 2011, the parties convened for a scheduling conference before the magistrate judge, but the conference was reset for November 18, 2011, because numerous mailings sent to Plaintiff had been returned as undeliverable. (Doc. 24.) Plaintiff did not appear at the rescheduled scheduling conference on November 18. The magistrate judge received a voicemail an hour before that hearing was scheduled to commence, indicating that Plaintiff had suffered an ulcer attack the previous evening and would not be able to attend. Accordingly, the hearing was again rescheduled, for November 28, 2011. (Doc. 26.) Plaintiff once again failed to appear at the rescheduled hearing. This time, the magistrate judge had received a voicemail from Plaintiff indicating that he did not have time to litigate the case and wanted to dismiss his lawsuit. The magistrate judge ordered defense counsel to contact Plaintiff to assist him with the process of dismissing the action. (Doc. 27.) On December 5, 2011, defense counsel informed the magistrate judge that counsel had called Plaintiff and left a voicemail recounting the events of the hearing

and asking him to confirm his desire to dismiss the case, but that Plaintiff had not responded.  (Doc. 28.)

Consequently, on December 14, 2011, the magistrate judge issued an order to show cause, pursuant to D.C.COLO.LCivR 41.1, no later than December 30, 2011, why his complaint should not be dismissed for failure to prosecute and failure to comply with court orders.  The order warned Plaintiff that failure to respond or to show cause "will result in a recommendation that this case be dismissed, with prejudice, in its entirety . . . ."  (Doc. 29.)  Plaintiff never responded to the order to show cause.

As such, on January 4, 2012, the magistrate judge recommended that this Court dismiss, with prejudice, Plaintiff's case.  The magistrate judge considered, pursuant to Tenth Circuit precedent, a non-exhaustive list of factors for evaluating the appropriateness of dismissal with prejudice, see Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), and determined that "the Ehrenhaus factors weigh[] heavily in favor of dismissal with prejudice."  (Doc. 30.)  The magistrate judge's recommendation advised the parties that they could file objections to the proposed findings and recommendation within fourteen days of service of the recommendation, and that timely, specific objection to the recommendation was required to preserve an issue for de novo review by the district court or on appeal.  (Id.)

To date, the Court has received no word from Plaintiff.

**DISCUSSION**

This Court has discretion to dismiss a case for failure to prosecute, although the Court must consider certain factors before applying that "severe" sanction. Reed v. Bennett, 312 F.3d 1990, 1195 (10th Cir. 2002) (internal quotation marks, citation omitted); see also D.C.Colo.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown . . . , a district judge . . . may enter an order of dismissal with or without prejudice."); cf. Fed. R. Civ. P. 37(b)(2)(A)(v) (permitting dismissal of an action for failure to obey a discovery order).

"In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." Reed, 312 F.3d at 1195 (citing Meade v. Grubbs, 841 F.2d 1512, 1520-22 (10th Cir. 1988)); cf. Ehrenhaus, 965 F.2d at 921 (citing Meade's factors as three of five factors to be evaluated when considering dismissal for disobeying discovery orders, additionally considering "(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions"). "Only when these aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." Reed, 312 F.3d at 1195 (alteration, internal quotation marks omitted) (citing Meade, 841 F.2d at 1521 n.7).

Meanwhile, a party's failure to object to a magistrate judge's recommendation may result in waiver of the right to challenge the recommendation. See United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); see also Vega v. Suther, 195 F.3d 573, 579-80 (10th Cir. 1999) (applying the firm waiver rule in the appellate context); but see Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005) (firm waiver does not apply on appeal when (1) a pro se litigant was not informed of the timeframe for objection and the consequences of failure to object, or (2) the interests of justice require review).

The Court agrees with the magistrate judge's conclusion that dismissal with prejudice of Plaintiff's complaint is appropriate.  The Court determines that Defendants are prejudiced by Plaintiff's failure to prosecute this case; that Plaintiff's repeated non-appearances and delays interfere with the judicial process; and that Plaintiff is at fault for failing to respond to court orders. See Reed, 312 F.3d at 1195.  Also, Plaintiff was warned that failure timely to show cause would result in a recommendation of dismissal with prejudice, and later was warned that he must timely and specifically object to that recommendation in order to preserve his objection for de novo review; yet Plaintiff has remained silent. See One Parcel of Real Property, 73 F.3d at 1060; cf. Ehrenhaus, 965 F.2d at 921.  Moreover, dismissal of this action is precisely what Plaintiff indicated he wanted just before he stopped responding to communications in this case. See Fed. R.

6

Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper.").

## CONCLUSION

The Court therefore adopts the recommendation of the magistrate judge and DISMISSES WITH PREJUDICE this case pursuant to D.C.Colo.LCivR 41.1.  The Court also denies as moot Defendants' motion to dismiss.

DATED this 22nd day of May, 2012.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge
District of Colorado